**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edgar David OLIVA–FREDERICH, also known as Jose Santiago Gonzales, Defendant–Appellant.**

**No. 06–2330.**

United States Court of Appeals, Tenth Circuit.

Aug. 7, 2007.

David C. Iglesias, U.S. Attorney, Bill Pflugrath, Office of the United States Attorney District of New Mexico, Albuquerque, NM, for Plaintiff–Appellee.

James P. Baiamonte, Albuquerque, NM, for Defendant–Appellant.

Before KELLY, MURPHY, and O'BRIEN, Circuit Judges.*

**ORDER AND JUDGMENT**\*\*

PAUL KELLY, JR., Circuit Judge.

Defendant–Appellant Edgar David Oliva–Frederich filed the instant appeal after he was sentenced to two months' imprison-

---

\* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

\*\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

ment for violation of a condition of his supervised release, which was previously imposed by the district court in the Western District of Texas. Specifically, Mr. Oliva–Frederich violated his supervised release when he entered the United States without obtaining the express consent of the Secretary of Homeland Security to do so. The district court ordered the two-month sentence for violation of supervised release to run consecutively with the thirty-seven month sentence imposed for the underlying offense of illegal reentry. Finding no potentially meritorious issues for appeal, counsel for Mr. Oliva–Frederich has filed an *Anders* brief and requests to withdraw. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Oliva–Frederich has been served with copies of the *Anders* brief and has failed to respond.

Because Mr. Oliva–Frederich knowingly and voluntarily admitted to being in the United States without permission, *see Brady v. United States,* 397 U.S. 742, 755–56, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), and the sentence imposed was reasoned and reasonable, *see United States v. Tedford,* 405 F.3d 1159, 1161 (10th Cir.2005), we DISMISS this appeal and GRANT counsel's motion to withdraw.